FOURNET, Chief Justice.
The appeal in this case never having been -perfected by the furnishing of an appeal bond, as required by law, this court is without jurisdiction in the matter. Articles 581, 593, and 595 of the Code of Practice; Lafayette v. Farr, 162 La. 385, 110 So. 624; Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898; Bannister v. Chisesi & Longo, La.App., 5 So.2d 145; and the authorities therein cited.
The contention of the appellants that the case should be remanded to the lower court for the introduction of oral testimony on this point is untenable. A record- lacking certain documents can always be completed by bringing up certified copies of those missing, and, in some cases that are meritorious, the matter can be re *534 manded to the lower court for correction or completion. This is not such a case.
The record reflects that this suit was instituted December 11, 1941, and that judgment was rendered therein on June 30, 1942, the appeal being made returnable to the Supreme Court on or before August 25, 1942, on which day the appeal was lodged in this court. Thereafter, it was permitted to lie dormant for nine years, or until the appellees, on August 16, 1951, filed a motion to have it advanced to the preference docket, their sworn allegation (which is not denied by the appellants) being that they made repeated and unavailing efforts during these years to have opposing counsel agree to submit the case for decision under the rules of the court. A study of the transcript, after the case was advanced to the preference docket, revealing no appeal bond had ever been furnished, the appellees, on March 24, 1952, filed a motion to have 'the appeal dismissed. In their opposition .to such motion, the appellants concede no appeal bond is in the transcript and that none could be located in the clerk’s office in the lower court. Additionally, they do not claim the minutes of that court show one was ever furnished. They simply request that the case be remanded so that they can prove by cancelled checks that the costs in the lower court were paid, and also that they may be permitted to prove by parol testimony, if they can, that such a bond was filed.
The appeal is dismissed.