ON MOTION TO DISMISS APPEAL
LANDRY, Judge.
This matter is before us on motion of defendant-appellee, Liberty Universal Insurance Company (Liberty), liability insurer of defendant-appellee, Marvin Brum-field, to dismiss the appeal of plaintiffs from three judgments of the trial court sustaining peremptory exceptions to plaintiffs’ actions for damages for personal injuries. We find the appeals were not timely taken and therefore grant the motion to dismiss.
In their petition plaintiffs (five minor children of defendant Brumfield) in substance alleged they each suffered physical injuries in an automobile accident while riding as guest passengers in a vehicle owned and being operated by their said *656 father. In essence the petition recites plaintiffs’ injuries resulted from their parent’s alleged negligent operation of his automobilé.
Although numerous peremptory exceptions were filed on behalf of defendants-appellees, we are herein concerned only with three judgments maintaining exceptions of such nature. The decrees appealed were signed and entered of record on October 9, 1967, December 12, 1967 and February 7, 1968, respectively. The first two said judgments sustained exceptions filed by defendant Liberty. The latter maintained an exception filed on behalf of defendant Brumfield individually. Plaintiffs were granted a devolutive appeal from said adverse judgments on April 22, 1968 and posted the required appeal bond on May 17, 1968. Liberty maintains the appeals from the judgments of October 9, 1967 and December 12, 1967, were untimely inasmuch as they were not taken within ninety days of the signing of said decrees. Although no reference is made by Liberty to the judgment of February 7, 1968 sustaining the exception filed on behalf of defendant Brumfield, we note ex proprio motu the bond recorded May 17, 1968 was not posted timely and said appeal must be dismissed also.
The chronology of pertinent events and circumstances may be summarized as follows: On August 11, 1967 and October 5,' 1967, exceptions of no right and no cause of action were filed herein by defendant Liberty. Subsequently, on December 12, 1967, a similar exception was entered on behalf of defendant Brumfield individually. The minutes of the trial court reveal that Liberty’s exception of August 11, 1967, was sustained by written judgment signed and entered of record on October 9, 1967. The trial court minutes also reflect that Liberty’s exception of October 5, 1967, was heard December 4, 1967, on which date judgment was rendered sustaining said exception. Formal judgment to that effect was signed and filed of record herein on December 12, 1967. Lastly, the minutes of the trial court show that defendant Brumfield’s exception of December 12, 1967 was sustained by judgment signed and placed of record on February 7, 1968.
It is immediately apparent that the appeal as to the judgments dated October 9, 1967, and December 12, 1967, was not taken within the ninety day delay provided for by LSA-C.C.P. Article 2087(1). The cited authority stipulates that a devolutive appeal must be taken within 90 days of expiration of the delay for applying for a new trial if no application for a new trial is timely made. In the present case no application for new trial was made on plaintiff’s behalf. Consequently the 90 day delay for taking a devolutive appeal herein commenced on expiration of the period allowed for applying for a new trial.
LSA-C.C.P. Article 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, beginning on the day after judgment is signed, except where notice is required. Inasmuch as there was no requirement of notice in the instant case as provided in LSA-C.C.P. Article 1913, the delay for applying for a new trial in this matter commenced on the day after the respective judgments were signed. Our calculations disclose that the time for de-volutively appealing the judgments of October 9, 1967, and December 12, 1967, expired January 11, 1968 and March 14, 1968, respectively.
In opposing the motion to dismiss, plaintiffs contend the appeals herein are timely for two reasons. First, they argue the judgment of October 9, 1967, did not completely dismiss defendant Liberty from this action until the judgment of December 12, 1967, became final. Plaintiffs then contend the judgment of December 12, 1967, was misplaced and not filed of record until after plaintiffs obtained a judgment signed March 29, 1968, to replace the missing decree. On this premise it is contended the delay for appealing the judgments sustaining the peremptory exceptions by Lib *657 erty did not commence to run until the signing of the judgment of March 29, 1968, which, according to appellants replaced the allegedly missing judgment signed Decern-her 12, 1967.
We pretermit all consideration of the question of whether the judgment of October 9, 1967, became final by its own terms or whether its finality depended upon finality of the judgment signed on December 12, 1967. We do so because we find that the judgment of December 12, 1967, which dismissed Liberty from this action, became final and unappealable before plaintiffs filed their motion for appeal on April 22, 1968.
In his brief before this court, counsel for appellants informs the court that in either February or March, 1968, counsel checked via long distance telephone with a deputy clerk of the lower court (whose identity is unknown to counsel) to determine whether judgment had been signed in accordance with the decree rendered December 4, 1967, sustaining the exception of no right and no cause of action filed by Liberty. According to counsel, he so checked because he had received no notice of the signing of such a judgment. Also according .to counsel, the clerk, after examining the record, advised counsel that although certain other matters decided December 4, 1967, were evidenced by signed judgments, the record contained no signed judgment sustaining the exceptions at issue herein. Counsel states further that he then notified the minute clerk of the trial court that a signed judgment was lacking and requested the clerk to have the trial judge sign a judgment so that the matter might be appealed. Lastly, counsel states that it was not until Liberty filed its motion to dismiss this appeal that it was brought to his attention that the record does indeed contain a judgment signed and recorded December 12, 1967, sustaining the exception filed by Liberty. To counsel’s brief is attached a copy of the letter dated March 21, 1968 to the minute clerk of the lower court requesting that she obtain a signed judgment in accordance with the ruling handed down December 4, 1967, in order that counsel might appeal therefrom. Counsel also attaches to his brief an affidavit attesting the veracity of the facts and circumstances related therein.
Conceding the verity of counsel’s representations, it nevertheless follows the appeals from the judgments of October 9, 1967 and December 12, 1967, were not taken timely. There is of record, and counsel for appellants so concedes, a formal judgment signed and recorded December 12, 1967, sustaining Liberty’s exception of no right and no cause of action. That counsel was advised by an unknown party that no such judgment existed and caused counsel to secure a judgment signed March 29, 1968, does not and cannot affect the finality of the decree signed December 12, 1967. In relying upon the information given by the party whom counsel for appellants requested to check the record, counsel did so at his own risk. Under the circumstances shown we must accept as true what the record affirmatively discloses, namely, that the judgment in question was signed and placed of record on December 12, 1967. It follows that the “judgment” of March 29, 1968, was null, void and of no effect. Under no circumstances could the latter decree alter the former in substance. LSA-C.C.P. Article 1951. To permit the latter to “replace” the former so that the delay for appealing ran from the time of the subsequent decree would constitute a material alteration in substance.
We note on our own motion that plaintiffs’ appeal from the judgment of February 7, 1968, must be dismissed because the appeal bond was not timely filed. As regards this decree, our calculations disclose appellants had until February 12, 1968, to apply for a new trial. Since no new trial was applied for with respect thereto, the delay for taking a devolutive appeal therefrom and posting the required bond expired May 12, 1968. Appellants did not file their bond until May 17, 1968. It is *658 settled law that the timely filing of appeal bond addresses itself to the jurisdiction of the appellate court. Failure in this regard is fatal to an appeal. Rosier et al. v. Good Pine Lumber Co. of Louisiana et al., 221 La. 531, 59 So.2d 826.
Accordingly, the appeals taken herein are dismissed at appellants’ costs.
Appeals dismissed.