ON MOTION TO DISMISS APPEAL
CULPEPPER, Judge.
Defendant-appellee, Royal Indemnity Company, moves to dismiss the appeal taken by the plaintiff-appellant, Warren R. Bennett, on the grounds that plaintiff-appellant’s appeal was taken too late. LSA-C.C.P. Art. 2087(1). Allstate Insurance Company, another defendant-appellee in this case, has also filed a motion to dismiss the appeal of the plaintiff-appellant on the same grounds.
We dismiss plaintiff-appellant’s appeal.
This case was tried before a jury on April 16 and 17, 1973. At the conclusion of the trial on April 17, the jury rendered a verdict in open court in favor of the plaintiff-appellant, Warren R. Bennett. A formal judgment was read and signed in open court on August 24, 1973. On November 29, 1973, plaintiff obtained an order for a devolutive appeal to this court, and on the same day filed his appeal bond.
Article 2087(1) of LSA-C.C.P. provides that a devolutive appeal must be taken within ninety (90) days of the expiration of the delay for applying for a new trial, if no application of a new trial is timely made. Plaintiff-appellant made no motion for a new trial and consequently the ninety (90) day delay for taking his devolutive appeal herein commenced to run on the expiration of the period allowed for applying for a new trial.
“LSA-C.C.P. Article 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, beginning on the day after judgment is signed, except where notice is required.” Brumfield v. Brumfield, 215 So.2d 655 (La.App. 1st Cir., 1968).
No notice of judgment was required in this case since (1) the case was not taken under advisement, and (2) there was no request by plaintiff-appellant for notice of the date of signing the judgment. Defendant-appellant, Royal Indemnity Company, has attached to its motion to dismiss-an affidavit signed by a deputy of the district court which states that no request was made by any party in the case to be notified of the date that the judgment was signed.
Accordingly, the three (3) day delay for applying for a new trial commenced to run on August 27, 1973, August 25 and 26 *784 being legal holidays, and expired on August 29, 1973; and therefore, the ninety (90) day period provided by Article 2087(1) LSA-C.C.P. for taking a devolu-tive appeal started to run on August 30, 1973 and expired on November 27, 1973, two days prior to plaintiff taking his appeal.
For the reasons assigned, the appeal of the plaintiff-appellant is hereby dismissed.
Appeal dismissed.