PER CURIAM.
Our order on September 25, 1991 directed a remand to the trial court to have an evidentiary hearing on the exception of prescription. All counsel have specified that an evidentiary hearing was held in the district court on February 24,1989 and February 22, 1991 on the exception of prescription filed by Dr. Adatto. Further, all counsel have requested a rehearing in this court. Therefore, our writ rendered on September 25, 1991 is hereby set aside, and we now review the merits of Dr. Adatto’s application.
Dr. Adatto contends that the trial court erred in denying his exception of prescription in this medical malpractice action. At issue is whether the action has prescribed under LSA-R.S. 9:5628 where suit was filed nearly five years after Dr. Adatto allegedly operated on the wrong disc during surgery on plaintiff’s back on August 25, 1982.
Plaintiff acknowledged that fraudulent/intentional concealment was required to interrupt prescription under the doctrine of contra npn valentem when this court ordered him to amend his petition to plead fraudulent concealment. Plaintiff now concedes that he cannot prove fraudulent concealment. However, plaintiff claims that as long as he relies on incorrect statements made by his doctor, the doctrine of contra non valentem can be invoked, whether the doctor made the incorrect statements innocently, though inadvertently, negligently or intentionally under Rajnowski v. St. Patrick’s Hospital, 564 So.2d 671 (La.1990).
In Rajnowski, supra, the Louisiana Supreme Court held that the physician’s misdiagnosis did not constitute concealment of material information and that the doctor did not prevent the plaintiffs from learning of their cause of action. The majority opinion in Rajnowski, supra, does not indicate a change in the standard set forth in Whitnell v. Menville, 540 So.2d 304 (La.1989). In Whitnell, supra, 540 So.2d at 308, the Louisiana Supreme Court stated:
What we refer to as the third category of contra non valentem applies when the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies (“prevention by the debtor”). Plaquemines Parish *655 Commission Council [v. Delta Development Company, Inc.], 502 So.2d [1034] at 1056 [(La.1987)]. Although strictly speaking a misdiagnosis may have the effect of preventing or at least limiting a plaintiff’s ability to discover a cause of action, we do not believe that this third category is available in a case such as this, where it is simply alleged that the physician negligently misdiagnosed the patient’s condition (and no allegation is made that defendant took additional actions to conceal his negligence). A doctor who negligently misdiagnoses a patient’s condition is, at least at the time of the diagnosis, as ignorant of his negligence as is the potential plaintiff. Obviously, a defendant cannot be said to have concealed facts of which he had no knowledge.
See also Gover v. Bridges, 497 So.2d 1364 (La.1986).
In the present case we find no evidence to support a conclusion that Dr. Adatto intentionally concealed that he operated on the wrong disc and that he prevented plaintiff from learning of his cause of action. Any incorrect statements) by Dr. Adatto resulted from inadvertence or negligence rather than willful or fraudulent concealment of facts. Therefore, the doctrine of contra non valentem does not apply and the action has prescribed under LSA-R.S. 9:5628.
Accordingly, the ruling of the trial court denying Dr. Adatto’s exception of prescription is reversed. Judgment is hereby rendered sustaining defendant’s exception of prescription and plaintiff’s action is dismissed.