593 So.2d 795 (1992)
In re MEDICAL REVIEW PANEL FOR CLAIM OF Lionel MILTON.
No. 91-CA-0671.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1992.
*796 C.T. Williams, Jr., Gregory C. Weiss, Blue, Williams & Buckley, Metairie, for appellee.
Walker B. LeFlore, Jr., New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Plaintiff, Lionel Milton (Milton) appeals the dismissal of Mercy Hospital (Mercy) from his medical malpractice suit on an Exception of Prescription. This Court must determine whether the doctrine of contra non valentem suspended the three year liberative prescriptive period of La. R.S. 9:5628.
FACTS:
On September 14, 1985, Milton's wife, Leaster Milton (Mrs. Milton), signed a consent form authorizing her participation in the study of an experimental drug, Enoximone, at Mercy Hospital in New Orleans. Mrs. Milton began participating in the study in early March, 1986, while recuperating at Mercy Hospital from congestive heart failure. She died on March 11, 1986.
On or about August 7, 1989, nearly three and a half years after Mrs. Milton's death, Mercy Hospital approached Milton, seeking his signature on a prepared statement to the effect that Mrs. Milton had voluntarily participated in the drug study. Milton refused to sign the statement.
On July 25, 1990, Milton filed this malpractice claim with the Commissioner of Insurance against Mercy Hospital and Dr. William B. Smith, the physician who administered the experimental drug. Milton's claim alleged that Mercy Hospital and Dr. Smith failed to obtain informed consent from his wife and did not follow proper procedures for human experimentation.
Mercy Hospital filed a Peremptory Exception of Prescription in the Civil District Court for the Parish of Orleans. Following a September 28, 1990 hearing, judgment was entered on October 3, 1990 dismissing Mercy Hospital from Milton's action. Milton perfects this appeal.
Milton argues that, for two reasons, contra non valentem is applicable and suspended the prescriptive toll of La.R.S. 9:5628. He first asserts that Mercy concealed from him the fact that his wife's consent was deficient. Second, he urges that his ignorance of the cause of action was not the result of his own neglect.
Initially we note that Milton's malpractice claim was filed in excess of three years after his wife's death. On the face of the pleadings it has prescribed. He therefore bears the burden of proving that there was an interruption or suspension of prescription. Whitnell v. Menville, 540 So.2d 304 (La.1989).
La.R.S. 9:5628(A) provides:
"No action for damages for injury or death against any physician, ... [or] hospital duly licensed under the laws of this state, ... shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." (emphasis added)
*797 Civil Code Article 3467 provides: "Prescription runs against all persons unless exception is established by legislation." The Louisiana Supreme Court, in Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979), held that, "[d]espite the express statutory provision [of La.C.C. Art. 3467], our Louisiana jurisprudence has recognized a limited exception where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." "The exception is founded on the ancient civilian doctrine of contra non valentem agere nulla currit praescriptio...." Id. at 1321; see also "The Scope of the Maxim Contra Non Valentem in Louisiana," 12 Tul.L.Rev. 244 (1938).
Corsey defined four scenarios where prescription would be suspended. Milton's argument is predicated on categories three and four which provide:
(3) Where the debtor himself has done some act effectively to prevent the creditor from availing himself of his cause of action; and,
(4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
We address each scenario separately.
PREVENTION OF THE DEBTOR (CONCEALMENT)
We are satisfied that this third category of contra non valentem is applicable to medical malpractice actions. Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990); Whitnell, supra. Our Supreme Court has held that prescription will be suspended where the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies. Whitnell, supra, citing Plaquemines Parish Commission Council v. Delta Development Co., 502 So.2d 1034 (1987). However, our reading of Whitnell, Rajnowski and Gover v. Bridges, 497 So.2d 1364 (La.1986) convince us that prescription will be suspended only where the defendant actively engages in a course of action designed to prevent a plaintiff from acting. That is, the defendant's conduct must be more than mere neglect or a misstatement, it must constitute a fraud, a deliberate concealment or a breach of duty to disclose. See, Gover v. Bridges, supra. Under the scenario presented in the instant case, we find no such actions by defendant.
Milton's malpractice action is based on Mercy's failure to obtain informed consent and to follow proper procedures for human experimentation. He argues that "[c]learly, defendants knew that the consent obtained from Mrs. Milton was not properly informed as required by [La.R.S. 40:1299.40] as well as 21 U.S.C. [355(i)]."[1] In support of this assertion, Milton points to Mercy and/or Dr. Smith's attempt to persuade him to sign a second consent form on or about August 7, 1989.
Assuming arguendo that the consent form executed by Mrs. Milton is in fact deficient, there is no evidence before us which proves that Mercy and/or Dr. Smith purposely concealed this fact from Milton. There is absolutely no showing that defendant engaged in any conduct which prevented Milton from pursuing this action. The consent form was available to Milton at all times. There is no assertion or evidence that he attempted to obtain the form and was prevented from doing so. We conclude that the solicitation of Milton's signature more than three years after his wife's death does not evidence sufficient facts to suspend prescription under the third category of contra non valentem. This conclusion is supported by a number of analogous R.S. 9:5628/contra non valentem cases.
In Rajnowski, supra, the court held that a physician did not conceal information where hospital records were available at all times. In Whitnell, supra, the court held that a urologist's allegedly negligent misdiagnosis did not suspend prescription where there was no allegation that the urologist took actions to conceal his negligence. In *798 Gover, supra, it was held that a letter written by a surgeon, though self-serving and in error, did not rise to the level of concealment such that plaintiff was prevented from asserting a cause of action. And this court recently refused, in Travers-Wakeford v. St. Pierre, 585 So.2d 580 (La.App. 4th Cir.1991), to suspend prescription where the record did not show that an obstetrician concealed information so as to effectively prevent plaintiffs from availing themselves of their cause of action.
IGNORANCE OF THE CAUSE OF ACTION
Milton also argues that his ignorance of the cause of action was not the result of wilfulness or neglect on his part and therefore the fourth category of contra non valentem is applicable. We disagree.
In Chaney v. State, Through the Dept. of Health, 432 So.2d 256 (La.1983) our Supreme Court held that the legislature has, in a limited manner, overruled the fourth category (referred to as the discovery exception) of contra non valentem. Analyzing the one and three year prescriptive periods of R.S. 9:5628, the court subsequently recognized that discovery is applicable to the one year period, but is expressly inapplicable to the three year period.[2]Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986); Crier v. Whitecloud, 486 So.2d 713 (La.1986), on rehearing, 496 So.2d 305 (La.1986). Thus lack of knowledge by a plaintiff will suspend the one year period within which he must institute proceedings, but in no event will lack of knowledge suspend prescription more than three years. For that reason, Milton's second argument must fail.
For the above and foregoing reasons, the judgment is affirmed.
AFFIRMED.
NOTES
[1] This section is incorrectly cited by Milton as 21 U.S.C. § 505(i). The section was enacted as section 505(i) of the Federal Food, Drug and Cosmetic Act, but appears in Title 21 of the U.S.Code at Section 355(i).
[2] Milton's reliance on Young v. Clement, 367 So.2d 828 (La.1979) is misplaced because that case involved only the interruption of the one year prescriptive period. The "discovery exception" was applicable in that instance.