633 So.2d 212 (1993)
JOHNSON CONTROLS, INC.
v.
Royden Joseph LYNCH, Jr., Thomas Reuben Parker, Jr., Kevin M. Lynch and Paul R. Meng, d/b/a Computrols, a Louisiana Partnership, d/b/a Computrols, Inc.; Computrols, a Louisiana Partnership; Computrols, Inc.; the University of New Orleans; and the State of Louisiana.
No. CA 92 1558.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*213 Sidney L. Shushan, New Orleans, for Johnson Controls, Inc.
Roy Mongrue, Jr., Atty. Gen.'s Office, Baton Rouge, for State of La.
Ann C. Dowling, William Gambel, New Orleans, for Royden Joseph Lynch, Jr.
Kevin Torres, Baton Rouge, for Com'r of Admin., Raymond.
Phyllis R. Guin, New Orleans, for University of New Orleans.
Before EDWARDS, CRAIN and LEBLANC, JJ.
EDWARDS, Judge.
On the issue of whether defendant could avail itself of the doctrine of contra non valentem agere nulla currit praescriptio to extend the time for filing a protest of the award of a contract by the University of New Orleans to plaintiff, we find in the negative and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
The contract for maintenance of the building automation system and field equipment at the University of New Orleans (U.N.O.) was awarded on July 23, 1991 to plaintiff, Johnson Controls, Inc. (Johnson). On August 8, 1991, another bidder for the job, Computrols, a Louisiana Partnership (Computrols), faxed a protest of the award to the purchasing department of U.N.O. Mrs. Johnnie Verrette, director of purchasing for U.N.O., denied the protest as untimely under LSA-R.S. 39:1671(A), which requires a protest *214 be submitted within fourteen days of the award of the contract. Computrols requested a hearing, asked that the Commissioner of Administration for the State of Louisiana allow the protest under the doctrine of contra non valentem agere nulla currit praescriptio and review the bid. The commissioner granted the hearing request to develop the facts surrounding the contra non valentem claim and on the issue of the responsiveness of the Computrols bid. Ms. Linda Robison, Assistant Vice Chancellor for Business Affairs and Comptroller for U.N.O., served as the hearing officer. After hearing the testimony presented by Johnson, Computrols, and U.N.O., Ms. Robison found that (1) the actions of U.N.O. contributed "to an uncertain situation" concerning the date the contract was awarded, and therefore, the protest would be deemed timely under the doctrine of contra non valentem, and (2) that the Computrols bid was responsive and the lowest bid. Based on those findings, the contract was awarded to Computrols, instead of Johnson. Pursuant to LSA-R.S. 39:1673(E) and 39:1683, Johnson appealed to the commissioner. The commissioner upheld the decision of the hearing officer.
Johnson filed a petition for injunction, mandamus, declaratory relief, and damages in the Nineteenth Judicial District Court within fourteen days of the receipt of the commissioner's decision, as required by LSA-R.S. 39:1692. Computrols[1], U.N.O., and the state were named defendants. Johnson alleged that the hearing officer and the commissioner made several errors in the administrative decision, that the Computrols protest was untimely, and that the original award of the contract to Johnson was correct. The district court found that (1) the protest was not submitted timely and must be disallowed, and (2) that the Computrols bid was unresponsive. The trial court rendered judgment in favor of Johnson and against Computrols, U.N.O., and the state. Computrols appealed.[2]
Computrols assigned the following errors:
1. It was error for the trial court to upset the decision of the commissioner because there was no error of law in the commissioner's determination that Computrols' protest was timely filed.
2. It was error for the trial court to determine, de novo, that Computrols' bid was non-responsive.
3. It was error for the trial court to overrule Computrols' exceptions because Johnson did not appeal by specifically asking for judicial review of the commissioner's decision.
We address assignments of error one and three, only. Because of our finding that the protest was untimely, we pretermit a consideration of assignment number two.

JOHNSON APPEAL
Computrols argues that the appeal of the commissioner's decision provided for in LSA-R.S. 39:1683(E)(2), in accordance with LSA-R.S. 39:1691(A), was not timely filed by Johnson, because the action actually filed was not entitled appeal and did not specifically request judicial review of the commissioner's decision.
To decide whether Johnson's filing of an action for injunction, mandamus, declaratory relief, and damages qualified as an appeal under the applicable law, we must first review the following statutes:
*215 LSA-R.S. 39:1671. Authority to resolve protested solicitations and awards
A. Right to protest. Any person who is aggrieved in connection with the solicitation or award of a contract shall protest to the chief procurement officer.... Protests with respect to the award of a contract shall be submitted in writing within fourteen days after contract award.
. . . . .
E. Finality of decision. A decision [by the chief procurement officer or his designee] shall be final and conclusive unless:
(1) The decision is fraudulent; or
(2) The person adversely affected by the decision has timely appealed administratively to the Commissioner in accordance with R.S. 39:1683.
LSA-R.S. 39:1683. Protest of solicitations or awards
. . . . .
E. Finality of decision. A decision [by the commissioner] shall be final and conclusive unless:
(1) The decision is fraudulent; or
(2) The person adversely affected by the decision has timely appealed to the court in accordance with R.S. 39:1691(A).
LSA-R.S. 39:1691. Actions by or against the state in connection with contracts
A. Solicitation and award of contracts. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a bidder, offeror, or contractor, prospective or actual, to determine whether a solicitation or award of a contract is in accordance with the constitution, statutes, regulations, and the terms and conditions of the solicitation. Such actions shall extend to all kinds of actions, whether for monetary damages or for declaratory, injunctive, or other equitable relief.
. . . . .
D. Limited finality for administrative determinations. In any judicial action under this Section, factual or legal determination by employees, agents, or other persons appointed by the state shall have no finality and shall not be conclusive, notwithstanding any contract provision, regulation, or rule of law to the contrary, except to the extent provided in: ... R.S. 39:1671(E), ... R.S. 39:1683(E),.... (emphasis added)
Neither the decision of the chief procurement officer, or the designated hearing officer, or the decision of the commissioner is conclusive, if the aggrieved person appeals. LSA-R.S. 39:1671(E)(2); 1683(E)(2). An action for damages, or injunctive, declaratory, or other equitable relief, that alleges the error or inappropriateness of the administrative decision, qualifies as a R.S. 39:1683(E) appeal under the clear wording of R.S. 39:1691(A) and prevents the administrative decision from becoming final and conclusive. See Crochet Equipment Co. v. Board of Supervisors of Louisiana State University, 597 So.2d 562, 563-64 & 566 (La.App. 1st Cir.), writ denied, 599 So.2d 304 (La.1992) (contractor filed a breach of contract action in district court that served as an appeal of the administrative decision, foreclosing the finality of the administrative decision under R.S. 39:1685(E), and entitled the contractor to a trial de novo on the issues raised in the action on the breach of contract). After the action is filed, the administrative review and protest resolution scheme set up by the legislature gives the district court the authority to make its own factual and legal determinations. LSA-R.S. 39:1691(D); Crochet Equipment Co. v. Board of Supervisors of Louisiana State University, 597 So.2d at 566.
For these reasons, we find no merit in this assignment of error.

TIMELINESS OF COMPUTROLS PROTEST
The contract was awarded on July 23, 1991 to Johnson. On the same day, a different contract for another project at U.N.O. was awarded to Computrols. According to the testimony given by Bonnie Frey of Computrols, Ms. Frey was sure that she had spoken to Ms. Verrette on August 2, 1991 and that Ms. Verrette told Ms. Frey that the contract had not been awarded. Ms. Verrette had no recollection of a conversation on that particular day, but testified that she had gotten a *216 large number of calls from Computrols asking about the contract. Ms. Verrette stated that she proceeded "very carefully with the award and ... bid. [U.N.O.] wanted to be as thorough as possible." Computrols was notified on August 6, 1991, that the contract had been awarded on July 23, 1991, but did not file a protest until August 8.
The hearing officer determined that the actions of U.N.O. did "contribute to an uncertain situation...." Because of the uncertainty, the hearing officer believed that Computrols was prevented from protesting the award in a timely fashion. The commissioner affirmed the decision of the hearing officer to allow the protest, but the trial court found that Computrols had not followed the rules and the protest was untimely.
Computrols had several options open to it to ensure notification of the award of the contract and avoid uncertainty. Louisiana Administrative Code 34.I.531 C gave Computrols the right to review the project bid file at U.N.O. at any time during normal working hours. Louisiana Administrative Code 34.I.535 requires the agency reviewing the bids and awarding the contract to notify the unsuccessful bidder in procurements over $20,000, only if the bidder requested notification and submitted a self addressed stamped envelope with the bid. The method chosen by Computrols was to make repeated calls to Ms. Verrette, the director of purchasing at U.N.O., requesting information.
Computrols argues that the uncertainty created by the response from Ms. Verrette to Ms. Frey prevented Computrols from filing the protest in a timely matter, and invokes the rule of contra non valentem to escape the running of the time period contained in R.S. 39:1671(A). Johnson argues that the time period in 1671(A) is either a peremptive period and not subject to the rule of contra non valentem, or alternatively, if the time period is prescriptive, Computrols was not prevented from filing the protest timely because of confusion created by U.N.O., but by Computrols own failure to choose a more reliable method of notification that would have eliminated any uncertainty.
If the time period provided in LSA-R.S. 39:1671(A) for the filing of protests is peremptive, it cannot be suspended through the doctrine of contra non valentem. See LSA-C.C. art. 3461; Marjorie N. Neufeld, Comment, Prescription and Peremption-The 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593, 605 (1983). The application of the doctrine of contra non valentem can suspend the running of prescription. See LSA-C.C. art. 3467 & comment (d); Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979).
The doctrine of contra non valentem applies to four categories of factual situations: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's actions; (2) where there was some condition coupled with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself had done some act effectively to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Gover v. Bridges, 497 So.2d 1364, 1368 (La.1986). Here, we are concerned with the third category.
To trigger the doctrine of contra non valentem, the action by the debtor or the defendant must be more than a simple or inadvertent misstatement, especially when the creditor or plaintiff had other reasonable methods of discovering the necessary information and his ignorance was caused by his own neglect. The use of contra non valentem, based on the factual situation envisioned by the third category, requires a finding of fraudulent or intentional concealment or misrepresentation. Bill Nolan Livestock, Inc. v. Simpson, 402 So.2d 214, 218 (La.App. 1st Cir.), writ denied, 404 So.2d 1260 (La.1981); In re Medical Review Panel, 593 So.2d 795, 797 (La.App. 4th Cir.1992); Kinnison v. Adatto, 593 So.2d 654, 654-55 (La.App. 4th Cir.1991), writ denied, 595 So.2d 659 (La. 1992). The burden of proving suspension of prescription under the doctrine of contra non valentem is on the creditor or plaintiff. In re Medical Review Panel, 593 So.2d at 796.
*217 The finding by the hearing officer that U.N.O. may have contributed to an "uncertain situation" did not rise to the level of concealment or intentional misstatement necessary to sustain the use of the doctrine of contra non valentem. No misstatement by U.N.O. "`effectively prevented'" Computrols from discovering the date of the award of the contract. Gover, 497 So.2d at 1369. As a method of notification of the contract award, Computrols chose, "at [its] own risk," repeated calls to the director of purchasing at U.N.O., when more reliable methods were open to it. See Brumfield v. Brumfield, 215 So.2d 655, 657 (La.App. 1st Cir.1968). The bid files were available for review at U.N.O. and the Louisiana Administrative Code provides a reliable and inexpensive method of notification to unsuccessful bidders. The use of a self addressed stamped envelope would certainly be a less uncertain and less timely method than frequent calling, for both the bidder and the agency awarding the contract. Neither of these options was followed.
Whether the time limitation in LSA-R.S. 39:1671(A) is peremptive or prescriptive, the doctrine of contra non valentem is not available under the facts in this case to extend the time period for filing the protest. For these reasons, we affirm the judgment of the trial court at Computrols' cost.
AFFIRMED.
NOTES
[1] Johnson sued the following as partners of Computrols and titles used by Computrols in doing business: Royden Joseph Lynch, Jr., Thomas Reuben Parker, Jr., Kevin M. Lynch, and Paul Meng, d/b/a Computrols, A Louisiana Partnership, d/b/a Computrols, Inc.; Computrols, A Louisiana Partnership; Computrols, Inc. Counsel for the above use the title, Computrols, A Louisiana Partnership, which we have shortened to Computrols.
[2] In the action filed by Johnson, the state was improperly served through the commissioner of administration. The commissioner, who was not a named party to the action, filed an exception noting the error and, subsequently, the proper party, the attorney general, was served. The attorney general deferred the representation of the state to counsel for U.N.O. Both U.N.O. and the commissioner filed briefs, although neither appealed. Johnson filed a motion to strike the commissioner's brief because the commissioner was not a party to the action and had not appealed as an interested party. We accept the brief as an amicus curiae brief, and deny the motion to strike.