| iCARTER, Judge,
dissenting.
I respectfully dissent from the majority opinion.
The en banc opinion in Pacificorp Capital, Inc. v. State, Division of Administration, Office of State Purchasing, 92-1729 (La.App. 1st Cir. 8/11/94); 647 So.2d 1122, neither directly nor impliedly overrules Crochet Equipment Company, Inc. v. Board of Supervisors of Louisiana State University, 597 So.2d 562 (La.App. 1st Cir.), writ denied, 599 So.2d 304 (La.1992).
The applicable standard of review was not an issue in Pacificorp Capital, Inc. v. State, Division of Administration, Office of State Purchasing, 620 So.2d 913 (La.App. 1st Cir. 1993), or in the subsequent en banc opinion in Pacificorp Capital, Inc. v. State, Division of Administration, Office of State Purchasing. Any statements regarding the applicable standard of review in these opinions are, at best, dicta and, at worst, an erroneous statement of law. The majority now compounds this error by using dicta in Pacifi-corp as the basis for overruling Crochet. I submit that it is improper to use dicta in Pacificorp as justification for overruling Crochet in the instant ease.
|2In Crochet Equipment Company, Inc. v. Board of Supervisors of Louisiana State University, 597 So.2d at 562, and Johnson Controls, Inc. v. Royden Lynch, Jr., 633 So.2d 212 (La.App. 1st Cir.1993), the issue of the applicable standard of review in procurement cases was squarely presented to two different panels of this court. In both cases, this court held that the applicable standard of review was set forth in the Louisiana Procurement Code, namely de novo review, and that the provisions of the Administrative Procedures Act (APA), namely manifest error review, were not applicable.
If this court now desires to hold that the general provisions of the APA establish the standard of review for procurement cases despite the contrary language in the Procurement Code, then such a determination should be based upon some interpretation of *1048 the statutory provisions in the Procurement Code, the APA, or some other statutory authority and both Crochet and Johnson Controls should be expressly overruled. To reverse prior opinions of this court, which were based upon interpretations of the applicable statutory provisions, through the use of dicta in an appellate court opinion is inappropriate and intellectually compromising.
In enacting the Procurement Code, the legislature could have stated that the APA applied. However, the legislature failed to make any specific reference to the APA and chose, instead, to set forth a procedure by which determinations made by the Division of Administration in procurement cases should be reviewed by a judicial body. As set forth in LSA-R.S. 39:1691D, “[i]n any judicial action under this Section, factual or legal determinations by employees, agents, or other persons appointed by the state shall have no finality and shall not be conclusive,” subject to various exceptions. It is abundantly clear that the legislature did not intend to give the same credence to non-judicial decisions as is afforded those decisions which arise from a judicial determination. However, this court now seeks to give finality and conclusiveness to determinations by state appointees outside the realm of a judicial or quasi-judicial proceeding. Clearly, this is not the result contemplated by the Procurement Code.
The majority also appears, at least impliedly, to find comfort in the Louisiana Supreme Court’s denial of an application for writs in Pacificorp. However, the supreme |3court also denied an application for writs in Crochet. Moreover, the supreme court has often reminded litigants, attorneys, trial courts, and appellate courts that “writs denial are not law.”
In conclusion, as set forth in Crochet, the Procurement Code sets forth the applicable standard of review for those cases arising under the Procurement Code, which is de novo review, and the provisions of the APA are inapplicable. Therefore, the opinion of the majority in the instant case is in error in finding that the APA sets forth the applicable standard of review. I, therefore, respectfully dissent.