PATRICIA RIVET MURRAY, Judge.
| plaintiffs, Dee and Michael Zoulek, appeal the trial court’s judgment maintaining the exception of peremption filed by defendant, Dr. Randall Weyrich, and dismissing their action. For the reasons that follow, we reverse and remand.
FACTS AND PROCEEDINGS BELOW
On July 25, 2000, Dr. Weyrich performed a breast augmentation procedure upon Dee Zoulek. PIP America [“PIP”] manufactured the saline-filled implants that Dr. Weyrich used in Ms. Zoulek’s procedure. On December 1, 2003, Ms. Zoulek noticed the left breast implant had spontaneously deflated. She then consulted Dr. John Lindsey, who removed and replaced both PIP implants.
On March 30, 2004, plaintiffs filed the instant action in the district court against PIP. Then, on August 26, 2004, plaintiffs asserted a medical malpractice claim against Dr. Weyrich and the Burks-Far-ber Clinic alleging that Dr. Weyrich had failed to inform them that the PIP implants had not been approved by the Food and Drug Administration except for use in certain clinical studies. Plaintiffs further alleged that Ms. Zoulek was never presented with nor did she sign a special consent form which was a prerequisite to participation in such a study.
|2On May 3, 2006, the medical review panel rendered a decision finding the existence of a material issue of fact. Specifically, two members of the panel found that there was an issue as to when Dr. Weyrich became aware that use of the implants was restricted to clinical studies. The third member of the panel concluded, based on the records submitted, that Dr. Weyrich first received notification that the implants should not be used in November, 2002, approximately two years after Ms. Zou-lek’s surgery.
On June 19, 2006, plaintiffs filed a “Second Supplemental and Amending Petition” in the instant action, naming Dr. Weyrich as a defendant. Dr. Weyrich responded by filing an exception of peremption[1]. In support of his exception, Dr. Weyrich relied upon the Louisiana Supreme Court decision Borel v. Young, 2007-0419 (La.11/27/07), 989 So.2d 42. On January 1, 2008, the trial court rendered judgment maintaining the exception of peremption and dismissing plaintiffs’ action. Plaintiffs now appeal that judgment.
LAW AND ANALYSIS
La. R.S. 9:5628 provides the time limitations applicable to the filing of medical malpractice actions:
No action for damages for injury or death against any physician, ... duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the discovery of the alleged act, omission, or neglect; however, even as to claims filed within one *514 year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
| Jn Borel, supra, upon which the defendant relied in the lower court, the Louisiana Supreme Court, overruling a long line of jurisprudence, initially (on November 27, 2007) held that the three-year time limitation set forth in La. R.S. 9:5628 is peremptive rather than prescriptive. Borel, 2007-0419, p. 13, 989 So.2d at 51. As noted in Borel, one of the key differences between peremption and prescription is that peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461. Therefore, an exception such as contra non valentem, which suspends prescription, is not applicable to peremption. Borel, 2007-0419, p. 9, 989 So.2d at 49.
After the trial court granted the exception of peremption in the instant case, during the pendency of this appeal, the Louisiana Supreme Court granted rehearing in Borel. On July 1, 2008, the Court rendered a decision on rehearing in which it partially reversed itself, holding that both the one-year and three-year periods set forth in La. R.S. 9:5628 are prescriptive periods, “with the qualification that the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission, or neglect.” Borel, 2007-0419, p. 29, 989 So.2d at 69.
The doctrine of contra non va-lentem is “based on the theory that when the claimant is not aware of the facts giving rise to his or her cause of action against the particular defendant, the running of prescription is for that reason suspended until the tort victim discovers or should have discovered the facts upon which his or her cause of action is based.” In re Jenkins, 2006-0566, p. 5, (La.App. 4 Cir. 11/15/06), 945 So.2d 814, 818, citing In re Medical Review Panel of Howard, 573 So.2d 472, 474 (La.1991). Contra non va-lentem is applicable in four situations:
|4(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.
Jenkins, 2006-0566, p. 5, 945 So.2d at 818, citing Renfroe v. State, Through Department of Transportation and Development, 2001-1646, p. 9 (La.2/26/02), 809 So.2d 947, 953.
In view of the Supreme Court’s conclusion in Borel that the statutory time limits for filing a medical malpractice action are prescriptive, we must reverse as legal error the trial court’s finding that the claim of the plaintiffs herein was perempt-ed. Nevertheless, the defendant argues that the action is prescribed on its face, and therefore urges us to affirm the trial court’s dismissal of the claim on that basis, or alternatively, to remand the matter for a hearing on the issue of prescription.[2]
*515 We acknowledge that the plaintiffs’ claim against Dr. Weyrich, which was filed August 26, 2004, more than three years after Ms. Zoulek’s July 25, 2000 surgery, is prescribed on its face. However, plaintiffs contend that the running of prescription was suspended in November, 2002, when Dr. Weyrich received a letter from PIP informing him that the implants he had used in Ms. Zoulek were being recalled, but he faded to inform Ms. Zoulek of this fact. Plaintiffs argue that prescription was suspended under the third category of contra non valentum, | ¿which applies when the defendant has done some act to prevent the plaintiff from becoming aware of his cause of action. As the Louisiana Supreme Court has explained, it is the fourth category of contra non valentum, also known as the “discovery rule,” which has been legislatively restricted in medical malpractice actions by the requirement of La. R.S. 9:5628 that the claim must be filed within three years of the alleged act of malpractice regardless of the date of discovery. See In re Medical Review Panel for the Claim of Maria Moses, 00-2643, pp. 7-10 (La.5/25/01), 788 So.2d 1173, 1178-1179. With regard to the third category, however, the Supreme Court noted:
The most frequent application of the contra non valentum doctrine to medical malpractice actions involves the third category: debtor concealment — when the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. While we have declined to decide whether this third category applies so as to extend the three-year repose period, we have decided that to the extent the third category could apply, it is limited to instances of fraudulent concealment, misrepresentation, fraud or ill practices.
Moses, 00-2643, p. 8 n. 10, 788 So.2d at 1178 n. 10 (Emphasis supplied; citations omitted.); see also Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960.
Prior to the decision in Moses, supra, this court has addressed the issue of whether the third category of contra non valentum may be applied to a medical malpractice action filed more than three years after the alleged malpractice. In In re Medical Review Panel for the Claim of Milton, 593 So.2d 795 (La.App. 4th Cir.1992), we stated:
We are satisfied that this third category of contra non valentum is applicable to medical malpractice actions. Our Supreme Court has held that prescription will be suspended where the defendant engages in conduct which | ^prevents the plaintiff from availing himself of his judicial remedies. However, our reading of [the Supreme Court jurisprudence] convinces us that prescription will be suspended only where the defendant actively engages in a course of action designed to prevent a plaintiff from acting. That is, the defendant’s conduct must be more than mere neglect or a misstatement, it must constitute a fraud, a deliberate concealment or a breach of duty to disclose. Under the scenario presented in the instant case, we find no such actions by defendant.
Milton, supra, 593 So.2d at 797 (Citations omitted). See also Harvey v. Davis, 432 So.2d 1203, 1204 (La.App. 4 Cir.1983).
The record in the instant case does not contain a transcript of the hearing on the exception of peremption. Although the trial court did not issue written reasons for its judgment, it appears to have relied solely on the first Borel decision in maintaining the exception of peremption. As the trial court apparently did not consider *516 the issue of prescription, we conclude that the action must be remanded to allow the introduction of evidence on this issue.[3]
The defendant has the burden of pleading and proving prescription. However, when, as here, the plaintiffs’ claim is prescribed on the face of the petition, the burden shifts to the plaintiffs to negate prescription by establishing a suspension or interruption. Hodges v. Republic Western Ins. Co., 05-0245, pp. 3-4 (La.App. 4 Cir. 12/14/05), 921 So.2d 175, 178. On remand, therefore, the trial |7court must afford the parties the opportunity to put forth evidence in support of and in opposition to the plaintiffs’ contention that prescription was suspended
CONCLUSION
Accordingly, for the reasons stated, we vacate the trial court’s judgment dismissing the action on the basis of peremption and remand the matter to that court for further proceedings consistent with our opinion.
VACATED AND REMANDED.

. Plaintiffs argued in the trial court that there is no such exception and that the proper procedural vehicle is an exception of prescription. However, in Wong v. Hoffman, 2005-1483, p. 5, (La.App. 4 Cir. 11/7/07), 973 So.2d 4, 7-8, this court noted there are three ways to raise the issue of peremption: 1) exception of no cause of action; 2) exception of prescription; or 3) exception of peremption.

. Although the defendant technically raised an exception of "peremption,” under these circumstances we find that he has also raised the issue of prescription by means of this *515 exception. See footnote 1 supra. La. C.C.P. art. 931 allows evidence to be submitted on the trial of a peremptory exception such as prescription.

. Plaintiffs filed a third supplemental and amending petition on January 18, 2008 at 9:36 a.m., prior to the court entering judgment on the exception of peremption filed in relation to the second supplemental and amending petition. This third supplemental and amending petition referenced the PIP recall of specific implants detailed by PIP in a letter to Dr. Weyrich dated November 8, 2002. The plaintiffs alleged Dr. Weyrich was obliged to inform them of the information contained in the November 8, 2002 letter. This allegation was not specifically contained in the second supplemental and amending petition, though the plaintiffs raised the allegation in opposing Dr. Weyrich’s exception of peremption.
In Whitnell v. Menville, 540 So.2d 304, 310 (La.1989), the Court was presented with a situation in which the plaintiff, to defeat an exception of prescription, alleged action on the part of the physician which had not been pled in the petition. The Court found “plaintiffs should be allowed to amend their petition in order to assert this claim, because, depending on the resolution of certain factual and legal issues, it might not be prescribed.” Id. The Court further stated if the physician "withheld information from the patient regarding her physical condition, his act of doing so, while in itself a tort, might also serve to trigger the third category of contra non valentem." Id.
Dr. Weyrich also filed an exception of per-emption as to the third supplemental and amending petition, which the trial court has not yet ruled upon and should consider upon remand.