# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 08-1053


**GRETA (DAVIS) ARTHOLEE, ET AL.**

**VERSUS**

**TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, ET AL.**

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-441-B
HONORABLE ANN LENNAN SIMON, JUDGE AD HOC

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**


**Gloria A. Angus**
**P.O. Box 2337**
**Opelousas, LA 70571**
**Counsel for Plaintiffs-Appellants:**
    **Greta Artholee, Cassandera Ardoin, Keenan Davis, and Wilson Ardoin**

**David Rabalais**
**P.O. Box 54024**
**Lafayette, LA 70505-4024**
**Counsel for Defendants-Appellees:**
    **Trinity Universal Insurance Co. and Gulf States Life Insurance Co.**

PAINTER, Judge.

Plaintiffs appeal the trial court's dismissal, pursuant to an exception of prescription, of their suit for damages resulting from a toxic mold infestation of their prior workplace.

## DISCUSSION

On appeal, Plaintiffs assert that the trial court erred in finding that their petition showed that the action was prescribed on its face and in shifting the burden of proof regarding the peremptory exception of prescription from the mover to Plaintiffs; in sustaining Defendants' exception of prescription when they failed to meet the burden of proving that prescription was not suspended; and, in its application of the law to the case.

The trial court gave the following reasons for its decision:

REASONS FOR JUDGMENT

A Peremptory Exception of Prescription filed by the defendants in this matter came before the court on April 24, 2008. Present were the following:

GLORIA A. ANGUS, Counsel for plaintiffs Greta Artholee, Cassandra Ardoin, Keenan Davis, and Wilson Ardoin; and

DAVID R. RABELAIS, Counsel for Trinity Universal Insurance Company of Kansas, and Gulf States Life Insurance Company.

After introduction of excerpts from depositions and argument of counsel, the court took the matter under advisement, with leave to the parties to file additional memoranda within one week. A supplementary memorandum has been received from the defendant.

Background Facts

The four petitioners in this matter derive their claims from the employment of plaintiffs Greta Davis Artholee and Cassandra Ardoin by the St. Landry Parish District Attorney's Office. Greta Davis Artholee was employed from January 1, 1997, to August 24, 1998. Cassandra Ardoin was employed from some time in September of 1997 until some

1

time in May of 2000.  The employees allege they suffered damages as a result of mold infestation in the Child Support Enforcement Section then located at 128 West Bellevue Street, Opelousas.  The parties filed suit on October 13, 2004.

## Positions of the Parties

Exceptors argue that since suit was filed more than one year after the periods of employment came to an end, their claims have expired by operation of the one year liberative prescription of La. C.C. Art. 3492.  In response, the plaintiffs invoke the doctrine of *contra non valentem non currit praescriptio*, (*contra non valentem*); prescription does not run against one who cannot bring suit.  They argue that their claims have not expired since they filed suit within one year of learning the cause of their symptoms.

## Burden of Proof

Defendants contend that since the claims are based upon occurrences more than one year prior to the suit, the plaintiffs bear the burden of proving that their claims have not prescribed.  In response, plaintiffs argue that since their petition *alleges* they were not aware of the cause of their symptoms, their claims are not prescribed on the face of the petition; the burden remains upon the exceptor.

It is the opinion of the court that the defendant has correctly stated the law.  When a claim appears to have been filed beyond the prescriptive period but the plaintiff claims some exception to the running of prescription, the plaintiff retains the burden of proof. *Kirby v. Field*, 2004-1898 (La. App. 1 Cir. 9/23/2005), 923 So.2d 131.

## *Contra Non Valentem*

Plaintiffs rely upon the doctrine of *contra non valentem* to place their claims beyond the reach of the one-year liberative prescription.  The factual categories in which prescription may be suspended under the doctrine are delineated in *Wimberly v. Gatch*, 93-2361(La. 1994), 635 So.2d 206.  More specifically, the plaintiffs argue that the third and fourth categories apply to the facts of this case.

In the third category, prescription may be suspended "where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause."  Plaintiffs argue that the defendants became aware of the existence of the mold in 2003 and failed to apprise former employees, including Greta Artholee and Cassandra Ardoin.  However, even assuming that plaintiffs' statement is correct, the plaintiffs were not employed past May of 2000; their claims would still be prescribed had they been informed of the condition in 2003.  Additionally, the plaintiffs have not brought forth any evidence that the defendants were engaged in any deliberate act of concealment or other

2

fault. *Johnson Controls, Inc. v. Lynch*, 92-1558 (La. App. 1 Cir. 11/24/1993), 633 So.2d 212; La. C.C. Art. 3467, Comment (d); *Corsey v. State, Through the Dept. Of Corrections*, 63931 (La. 10/8/1979). See also 56 La.Law.Rev. 337,362 (1995).

In the fourth category, prescription may be suspended "where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." It is the position of the plaintiffs that a claimant must have knowledge of the cause of their complaints before the term begins to run. Plaintiffs argue that although they had symptoms during their employment, neither they nor those who gave them treatment connected their complaints to their work environment. Only on August 26, 2004, when they learned that the defendants were being sued for mold infestation in the Bellevue building, were they in possession of facts sufficient for them to advance a claim. In response, defendants argue that the jurisprudence burdens the plaintiffs with constructive knowledge of the cause of their symptoms if the facts known to them were sufficient to call for inquiry into cause.

Resolution of this issue turns upon the proper interpretation of the term in the fourth category of the doctrine of *contra non valentem*, "reasonably knowable by the plaintiff." Plaintiff cites one case, *West v. Gajdzik*, 82-311 (La App. 3 Cir. 1982), 425 So.2d 263, in support of a definition of the term that requires a claimant to have facts to support all elements of his claim of action before prescription begins to toll. In that case, the claim of a legatee who was not informed of the death of her father was upheld after a period of eight years; however, the succession representative had withheld information that would have permitted the legatee to know that she had a claim to assert. It is the opinion of the court that the facts of *West*, are distinguishable from those of the matter at hand.

In the depositions introduced into the record in this matter, both plaintiffs testified that they were aware of unusual and debilitating symptoms during their employment. They sought medical help. Also, they both testified that they observed water leaks and cleaned a grayish substance from the vents and Cassandra Ardoin testified that she smelled a foul odor in the air conditioning closet. Although no one connected the plaintiffs' symptoms to conditions in the building, it is the opinion of the court that the circumstances set forth in the depositions bear strong analogy to the facts of those cases which define the term and consider such facts a cause of action "reasonably knowable to the plaintiff."

In *Ledet v. Miller*, 83-1014 (La.App. 3 Cir. 11/7/1984), 459 So.2d 202, the Third Circuit found that a patient who suffered serious symptoms following surgery, but did not know the reason, had sufficient knowledge to be put on notice of her claim for medical malpractice. The court found constructive knowledge to be whatever is notice enough to

put the injured party on guard. Similarly, in *Opelousas General Hospital v Guillory*, 82-545 (La. Ap. 3 Cir. 3/21/1983), 429 So.2d 550, the same court found that a claim had prescribed when suit was not brought until more than one year after discovery of the condition of which the patient claimed. Clearly the plaintiffs in the instant case had actual knowledge of their symptoms sufficient to provoke an inquiry into the cause; they testified that they had not had the symptoms prior to employment and sought medical attention.

The case of *In Re Asbestos Plaintiffs v. Bordelon*, 01-1379 (La. App. 4 Cir. 8/13/2002), 826 So.2d 581, a case involving toxic conditions of a building, the court found that the onset of symptoms never before suffered by the plaintiff should have provoked an inquiry into the cause; neither an actual diagnosis nor knowledge of the cause was necessary to toll the period. The case posits no requirement that the plaintiffs know that asbestos was present and toxic. The facts of the instant case are stronger for the defendant; these plaintiffs testified that they observed conditions consistent with the effects of water being present in the building.

A case to the contrary, *State Farm & Casualty Company v. MLP Construction Company*, 02-1811 (La. App. 4 Cir. 6/14/2003), 849 So.2d 762, is distinguishable on its facts. In that case the court found that the plaintiff was not on notice of *unusual* symptoms; the plaintiff suffered from a similar condition prior to the alleged exposure.

Equity

Plaintiffs also argue that their claims should be maintained under a doctrine of equity because they have significant damages and should have an opportunity to obtain recovery from the defendants who are responsible. Although it is unfortunate when persons are unable to obtain compensation for injuries, the doctrine of prescription has a social utility that has been recognized by the legislature and the courts. It is the duty of the trial court to follow the law.

Decision

For the above reasons, the court finds that the claims of the plaintiffs in the above captioned matter have prescribed.

The Peremptory Exception of Prescription of the defendants is GRANTED.

Finding that each of Plaintiff's assignments of error are correctly addressed

therein, we adopt these reasons as our own and affirm the judgment of the trial court.

4

## CONCLUSION

For the reasons articulated by the trial court, its judgment is affirmed. Costs of this appeal are assessed to the Plaintiffs.

**AFFIRMED.**